**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| **LABORERS' PENSION FUND, and** | ) | |
| **LABORERS' WELFARE FUND OF THE** | ) | |
| **HEALTH AND WELFARE DEPARTMENT** | ) | |
| **OF THE CONSTRUCTION AND GENERAL** | ) | |
| **LABORERS' DISTRICT COUNCIL OF** | ) | |
| **CHICAGO AND VICINITY, and LABORERS'** | ) | |
| **DISTRICT COUNCIL RETIREE HEALTH** | ) | |
| **AND WELFARE FUND, and CATHY** | ) | |
| **WENSKUS, as Administrator of the** | ) | |
| **Funds,** | ) | |
| **Plaintiffs,** | ) | **Case No.** |
| **v.** | ) | |
| | ) | **Judge** |
| **LEEWAY WRECKING INC., an** | ) | |
| **Illinois corporation** | ) | |
| | ) | |
| **Defendant.** | ) | |

## <u>COMPLAINT</u>

Plaintiffs, Laborers' Pension Fund, Laborers' Welfare Fund of the Health and Welfare

Department of the Construction and General Laborers' District Council of Chicago and Vicinity,

the Chicago Laborers' District Council Retiree Health and Welfare Fund, and Catherine

Wenskus, not individually, but as Administrator of the Funds (hereinafter collectively "Funds"),

by their attorneys, Patrick T. Wallace, Amy N. Carollo, G. Ryan Liska, Katherine C.V.

Mosenson, and Sara Schumann, for their Complaint against Defendant Leeway Wrecking Inc.,

an Illinois corporation state:

## COUNT I

**(Failure To Pay Employee Benefit Contributions to Funds as Revealed by an Audit)**

1.      Jurisdiction is based on Sections 502(e)(1) and (2) and 515 of the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. §§1132 (e)(1) and (2) and 1145, Section 301(a) of the Labor Management Relations Act ("LMRA") of 1947 as amended, 29 U.S.C. §185(a), 28 U.S.C. §1331, 28 U.S.C. § 1367, and federal common law.  The Court has jurisdiction for any pendent state law contract claims pursuant to 28 U.S.C.  §1367(a).

2.      Venue is proper pursuant to Section 502(e)(2) of ERISA, 29 U.S.C. §1132(e)(2), and 28 U.S.C. §1391 (a) and (b).

3.      The Funds are multiemployer benefit plans within the meanings of Sections 3(3) and 3(37) of ERISA.  29 U.S.C. §1002(3) and 37(A).  They are established and maintained pursuant to their respective Agreements and Declarations of Trust in accordance with Section 302(c)(5) of the LMRA.  29 U.S.C. § 186(c)(5).  The Funds have offices and conduct business within this District.

4.      Plaintiff Catherine Wenskus (hereinafter "Wenskus") is the Administrator of the Funds, and has been duly authorized by the Funds' Trustees to act on behalf of the Funds in the collection of employer contributions owed to the Funds and to the Construction and General District Council of Chicago and Vicinity Training Fund, and with respect to the collection by the Funds of amounts which have been or are required to be withheld from the wages of employees in payment of Union dues for transmittal to the Construction and General Laborers' District Council of Chicago and Vicinity (the "Union").  With respect to such matters, Wenskus is a fiduciary of the Funds within the meaning of Section 3(21)(A) of ERISA, 29 U.S.C. §1002(21)(A).

5.      Defendant Leeway Wrecking, Inc. (hereinafter the "Company"), is an Illinois corporation.  The Company does business within this District and was at all times relevant herein

an employer within the meaning of Section 3(5) of ERISA, 29 U.S.C. §1002(5), and Section 301(a) of the LMRA, 29 U.S.C. §185(c).

6.     The Union is a labor organization within the meaning of 29 U.S.C. §185(a). The Union and the Company are parties to collective bargaining agreements, the most recent of which became effective June 1, 2017.  ("Agreement").  (A copy of the "short form" Agreement entered into between the Union and the Company which adopts and incorporates Master Agreements between the Union and various employer associations, and also binds the Company to the Funds' respective Agreements and Declarations of Trust and the Agreements and Declarations of Trusts of the various Funds listed in paragraph 7 below, is attached hereto as Exhibit A.)

7.     The Funds have been duly authorized by the Construction and General Laborers' District Council of Chicago and Vicinity Training Fund (the "Training Fund"), the Midwest Construction Industry Advancement Fund ("MCIAF"), the Mid-American Regional Bargaining Association Industry Advancement Fund ("MARBA"), the Chicagoland Construction Safety Council (the "Safety Fund"), the Laborers' Employers' Cooperation and Education Trust ("LECET"), the Concrete Contractors Association ("CCA"), the CDCNI/CAWCC Contractors' Industry Advancement Fund (the "Wall & Ceiling Fund"), the CISCO Uniform Drug/Alcohol Abuse Program ("CISCO"), the Laborers' District Council Labor Management Committee Cooperative ("LDCLMCC"), the Will Grundy Industry Trust Advancement Fund ("WGITA"), the Illinois Environmental Contractors Association Industry Education Fund ("IECA Fund"), the Illinois Small Pavers Association Fund ("ISPA"), and the Chicago Area Independent Construction Association ("CAICA") to act as an agent in the collection of contributions due to those Funds.

8. The Agreement and the Funds' respective Agreements and Declarations of Trust obligate the Company to make contributions on behalf of its employees covered by the Agreement for pension benefits, health and welfare benefits, retiree health and welfare benefits, and benefits for the training fund, and to submit monthly remittance reports in which the Company, *inter alia*, identifies the employees covered under the Agreement and the amount of contributions to be remitted to the Funds on behalf of each covered employee. Pursuant to the terms of the Agreement and the Funds' respective Agreements and Declarations of Trust, contributions which are not submitted in a timely fashion are assessed liquidated damages plus interest.

9. The Agreement and the Funds' respective Agreements and Declarations of Trust require the Company to submit its books and records to the Funds on demand for an audit to determine benefit contribution compliance. In accordance with this obligation, the Company submitted its books and records for a fringe benefit and dues compliance audit for the period August 23, 2018 to March 31, 2019.

10. Notwithstanding the obligations imposed by the Agreement and the Funds' respective Agreements and Declarations of Trust, the Company performed covered work during the audit period of January 1, 2017 through December 31, 2018 but failed to pay the Funds all required contributions. According to the audit findings the Company:

(a) failed to report and pay contributions in the amount of $3,952.40 owed to Funds for the audit period January 1, 2017 through December 31, 2018, thereby depriving the Laborers' Pension Fund of contributions, income and information needed to administer the Fund and jeopardizing the pension benefits of the participants and beneficiaries;

(b)      failed to report and pay contributions in the amount of $3,248.00 owed to Funds of the Health and Welfare Department of the Construction and General Laborers' District Council of Chicago and Vicinity for the audit period of January 1, 2017 through December 31, 2018, thereby depriving the Welfare Fund of contributions, income and information needed to administer the Fund and jeopardizing the health and welfare benefits of the participants and beneficiaries;

(c)      failed to report and pay contributions in the amount of $1,450.00 owed to Laborers' District Council Retiree Health and Welfare Fund of the Construction and General Laborers' District Council of Chicago and Vicinity for the audit period of January 1, 2017 through December 31, 2018, thereby depriving the Welfare Fund of contributions, income and information needed to administer the Fund and jeopardizing the health and welfare benefits of the participants and beneficiaries;

(d)      failed to report and pay contributions in the amount of $168.80 owed  Laborers' Training Fund for the audit period of January 1, 2017 through December 31, 2018, thereby depriving the Laborers' Training Fund of contributions, income and information needed to administer the Fund and jeopardizing the training fund benefits of the participants and beneficiaries;

(e)      failed to report and pay contributions in the amount of $40.80 owed to Laborers' District Council Labor Management Committee Cooperative ("LMCC") for the audit period of January 1, 2017 through December 31, 2018, thereby depriving the LMCC of contributions, income and information needed to administer the Fund and jeopardizing the benefits of the participants and beneficiaries;

(f)     failed to report and pay contributions in the amount of $16.80 owed to Laborers' Employers' Cooperation and Education Trust ("LECET") for the audit period of January 1, 2017 through December 31, 2018, thereby depriving the LECET of contributions, income and information needed to administer the Fund and jeopardizing the benefits of the participants and beneficiaries.

11.     A true and accurate copy of the Funds' Audit for the period January 1, 2017 through December 31, 2018 is attached as Exhibit B.

12.     The Company's failure to submit payment upon an audit to which it submitted its books and records violate Section 515 of ERISA, 29 U.S.C. §1145.

13.     Pursuant to Section 502(g)(2) of ERISA, 29 U.S.C. §1132 (g)(2), Section 301 of the LMRA, 29 U.S.C. §185, federal common law, and the terms of the Agreement and the Funds' respective Trust Agreements, the Company is liable to the Funds for unpaid contributions, as well as interest and liquidated damages on the unpaid contributions, accumulative liquidated damages on the late paid contributions, audit costs, reasonable attorneys' fees and court costs, and such other legal and equitable relief as the Court deems appropriate.

WHEREFORE, Plaintiff Funds respectfully request that this Court:

a.     enter judgment in sum certain in favor of the Funds and against  Defendant Leeway Wrecking, Inc.,  on the amounts due and owing pursuant to the audit for the period of January 1, 2017 through December 31, 2018 plus interest, liquidated damages, audit costs, and Plaintiffs' reasonable attorneys' fees and costs; and

b.     awarding Funds' any further legal and equitable relief as the Court deems appropriate.

## COUNT II

### (Failure to Pay Union Dues Revealed as Delinquent Pursuant to an Audit)

14.     The Funds re-allege paragraphs 1 through 13 of Count I as though fully set forth herein.

15.     Pursuant to agreement, the Funds have been duly designated to serve as collection agents for the Union in that the Funds have been given the authority to collect from employers union dues which have been or should have been deducted from the wages of covered employees.

16.     Notwithstanding the obligations imposed by the Agreement, the audit revealed the Company performed covered work during the audit period of January 1, 2017 through December 31, 2018, and failed to withhold and/or submit payment of $336.51 in union dues that were or should have been withheld from the wages of employees during that period of time thereby depriving the Union of information and income.

17.     Pursuant to the Agreement, the Funds' respective Trust Agreements, the Company owes the due contribution findings contained in the audit, liquidated damages on all paid late or unpaid dues as revealed by the audit for the period of January 1, 2017 through December 31, 2018, plus audit costs, and reasonable attorneys' fees and costs as the Union's collection agent, and such other legal and equitable relief as the Court deems appropriate.

WHEREFORE, Plaintiff Funds respectfully request this Court enter a judgment in favor of Plaintiff Funds and against Defendant Leeway Wrecking, Inc., on the union dues amounts owing pursuant to the audit for the period of January 1, 2017 through December 31, 2018, including dues, liquidated damages, audit costs, and Funds reasonable attorneys' fees and costs; and for any other relief deemed just and equitable.

## COUNT III

### (Failure To Submit Reports and/or Pay Employee Benefit Contributions to Funds)

18.     The Funds re-allege and incorporate the allegations contained in paragraphs 1-17 of this Complaint.

19.     Notwithstanding the obligations imposed by the Agreement and the Funds respective Agreements and Declarations of Trust, the Company has performed covered work during the months of September 2019 forward and has:

(a)     failed to pay contributions to Laborers' Pension Fund for the period of September 2019 forward, thereby depriving the Laborers' Pension Fund of contributions, income and information needed to administer the Fund and jeopardizing the pension benefits of the participants and beneficiaries;

(b)     failed to submit contributions to Laborers' Welfare Fund of the Health and Welfare Department of the Construction and General Laborers' District Council of Chicago and Vicinity for the period of September 2019 forward, thereby depriving the Welfare Fund of contributions, income and information needed to administer the Fund and jeopardizing the health and welfare benefits of the participants and beneficiaries;

(c)     failed to submit reports and/or pay contributions to Laborers' District Council Retiree Health and Welfare Fund for the period of September 2019 forward, thereby depriving the Retiree Welfare Fund of contributions, income and information needed to administer the Fund and jeopardizing the health and welfare benefits of the participants and beneficiaries;

(d)     failed to submit reports and/or pay contributions to Laborers' Training Fund for the period of September 2019 forward, thereby depriving Laborers' Training Fund of

contributions, income and information needed to administer the Fund and jeopardizing the Training Fund benefits of the participants and beneficiaries; and

(e)     failed to report and/or all contributions owed to one or more of the other affiliated funds identified above for the period of September 2019 forward, thereby depriving said fund(s) of contributions income and information needed to administer said fund(s) and jeopardizing the benefits of the participants and beneficiaries;

20.     The Company's actions in failing to submit timely reports and contributions violate section 515 of ERISA, 29 U.S.C. §1145, and Section 301 of the LMRA.  29 U.S.C. §185.

21.     Pursuant to Section 502(g)(2) of ERISA, 29 U.S.C. §1132 (g)(2), Section 301 of the LMRA, 29 U.S.C. §185, federal common law, and the terms of the Agreement, the Funds' respective Trust Agreements, the Company is liable to the Laborers' Funds for unpaid contributions, as well as interest and liquidated damage, accumulated liquidated damages at 20% of report amount, s on the unpaid contributions and paid late contributions, reasonable attorneys' fees and costs.

WHEREFORE, Plaintiffs Laborers' Funds respectfully request that this Court:

a.     order Defendant Leeway Wrecking, Inc.to submit benefit reports and/or contributions to Laborers' Funds for the period of September 2019 forward and enter judgment on amounts shown to be due plus 20% damages, interest and attorney's  fees and costs; and

b.     awarding Plaintiffs any further legal and equitable relief as the Court deems appropriate.

## COUNT IV

### (Failure To Submit Reports and/or Pay Union Dues to Laborers' Funds)

22.     The Funds re-allege and incorporate the allegations contained in paragraphs 1-21 of this Complaint.

23.     Pursuant to agreement, the Laborers' Funds have been duly designated to serve as collection agents for the Union in that the Laborers' Funds have given the authority to collect from employers union dues which should have been or have been deducted from wages of covered employees.

24.     Dues reports and contributions are due by the 10th following the month in which the work was performed.  Dues reports and contributions which are not submitted in a timely fashion are assessed liquidated damages at 10% of the report amount.

25.     Notwithstanding the obligations imposed by the Agreement, the Company has performed covered work during the months of September 2019 forward and has failed to withhold and/or report to and forward union dues that were deducted or should have been deducted from the wages of its employees for the period of September 2019 forward, thereby depriving the Union of income and information.

26.     Pursuant to the Agreement, the Company is liable to the Laborers' Funds for the unpaid union dues, as well as liquidated damages, accumulative liquidated damages, audit costs, reasonable attorneys' fees and costs as the Union's collection agent, and such other legal and equitable relief as the Court seems appropriate.

WHEREFORE, Laborers' Funds respectfully request that this Court:

a.     enter judgment ordering Defendant Leeway Wrecking, Inc., to submit dues reports and payments for the time period of September 2019  forward;

b.      enter judgment in sum certain in favor of the Plaintiff Laborers' Funds against Defendant Leeway Wrecking, Inc., on the amounts due and owing pursuant to the dues reports and contributions revealed as owing pursuant to the September 2019 forward dues reports to be submitted, including dues, liquidated damages, accumulative liquidated damages in late reports, audit costs, and Plaintiffs' reasonable attorney's fees and costs;

c.      awarding Plaintiffs Funds any further legal and equitable relief as the Court deems appropriate.

December 10, 2019                                Laborers' Pension Fund, et al.

                                                By: /s/ G. Ryan Liska

G. Ryan Liska
Laborers' Pension and Welfare Funds
111 W. Jackson Blvd., Suite 1415
Chicago, IL  60604
(312) 692-1540



# CONSTRUCTION & GENERAL LABORERS'
# DISTRICT COUNCIL OF CHICAGO AND VICINITY

AFFILIATED WITH THE LABORERS' INTERNATIONAL UNION OF NORTH AMERICA, AFL-CIO

101 BURR RIDGE PARKWAY • SUITE 300 • BURR RIDGE, IL 60527 • PHONE: 630/655-8289 • FAX: 630/655-8853

## INDEPENDENT CONSTRUCTION INDUSTRY COLLECTIVE BARGAINING AGREEMENT

It is hereby stipulated and agreed by and between _Leeway Wrecking Inc._ ("Employer") and the Construction and General Laborers' District Council of Chicago and Vicinity, Laborers' International Union of North America, AFL-CIO ("Union"), representing and encompassing its affiliated Local Unions, including Local Nos. 1, 2, 4, 5, 6, 25, 75, 76, 96, 118, 149, 152, 225, 269, 288, 582, 681, 1001, 1006, 1035, 1092, together with any other Local Unions that may come within the Union's jurisdiction ("Local Union"), and encompassing the geographic areas of Cook, Lake, DuPage, Will, Grundy, Kendall, Kane, McHenry and Boone counties, Illinois, that:

1. **Recognition.** The Employer, in response to the Union's request for recognition as the majority 9(a) representative of its Laborer employees, and the Union's offer to show evidence of its majority support, hereby recognizes the Union under Section 9(a) of the Act as the sole and exclusive collective bargaining representative for the employees now and hereinafter employed in the Laborer bargaining unit with respect to wages, hours and other terms and conditions of employment without the need for a Board certified election. The Employer has not assigned its rights for purposes of collective bargaining with the Union to any person, entity or association, and hereby revokes its prior assignment of bargaining rights, if any. The Employer further voluntarily elects not to assign such bargaining rights to any person, entity or association during the term of this Agreement or any extension thereof, without written approval from the Union. The Employer shall abide by this Agreement, and extensions hereof, provided that it employs at least one Laborer per year.

2. **Labor Contract.** The Employer affirms and adopts the applicable Collective Bargaining Agreements, as designated by the Union, between the Union and the Builders Association of Chicago and Vicinity, the Illinois Road Builders Association, the Underground Contractors Association, the Mason Contractors Association of Greater Chicago, the Concrete Contractors Association of Greater Chicago, G.D.C.N.I/C.A.W.C.C., the Chicago Demolition Contractors' Association, the Illinois Environmental Contractors Association, the Lake County Contractors Association, the Contractors Association of Will and Grundy Counties, the Fox Valley General Contractors Association, the Chicago Area Rail Contractors Association, the Chicago Scaffolding Association, and any other employer associations with whom the Union or its affiliated Local Unions has an agreement. If the applicable collective bargaining agreement(s) expire during the term of this Agreement, any limitation on the right to strike shall also expire until a new agreement has been established, which shall be incorporated retroactively herein. It is further agreed that where the Employer works within the geographic jurisdiction of the Union's affiliated Local Unions that have negotiated an association agreement effective within the Local Union's jurisdiction, then the Local Union agreement is herein specifically incorporated into this Agreement and shall supersede the area-wide standard association agreements within the locality for which it is negotiated in the case of any conflict between them. Notwithstanding the foregoing, this Agreement supersedes all contrary terms in either the Local Union or area-wide association agreements.

3. **Dues Checkoff.** The Employer shall deduct from the wages of employees uniform working dues in the amount of 1.5% of gross wages, or such other amount as directed by the Union, and shall remit monthly to the designated Union office the sums so deducted, together with an accurate list showing the employees from whom dues were deducted, the employees' individual hours, gross wages and deducted dues amounts for the monthly period, not later than the tenth (10th) day of the month following the month for which said deductions were made. It is the parties' intention that these deductions comply with the requirements of Section 302(c)(4) of the Labor Management Relations Act of 1947, as amended, and such deductions be made only pursuant to written assignments from each employee on whose account such deductions are made, which shall not be irrevocable for a period of more than one year or beyond the termination date of the labor agreement, whichever occurs sooner.

4. **Work Jurisdiction.** This Agreement covers all work within the Union's work jurisdiction as set forth in the Union's Statement of Jurisdiction, receipt of which is hereby acknowledged, and as amended by the Union from time to time. The Statement of Jurisdiction is incorporated by reference into this Agreement. The Employer shall assign all work described therein to its Union-represented Laborer employees and acknowledges the appropriateness of this assignment. Neither the Employer nor its work assignments as required under this Agreement shall be stipulated or otherwise subject to adjustment by any jurisdictional disputes board or mechanism except upon written notice by and direction of the Union. The Employer, whether acting as a contractor, general manager or developer, shall not contract or subcontract any work to be done at the site of construction, alteration, painting or repair of a building, structure or other work and coming within the above-described jurisdiction of the Union to any person, corporation or entity not signatory to and covered by a collective bargaining agreement with the Union. This obligation applies to all tiers of subcontractors performing work at the site of construction. When the Employer contracts out or sublets any of the work coming within the above-described jurisdiction of the Union, it shall assume the obligations of any such subcontractor for prompt payment of employees' wages and other benefits required under this Agreement, including reasonable attorneys' fees incurred in enforcing the provisions hereof.

5. **Fringe Benefits.** The Employer agrees to pay the amounts that it is bound to pay under said Collective Bargaining Agreements to the Health and Welfare Department of The Construction and General Laborers' District Council of Chicago and Vicinity, the Laborers' Pension Fund (including Laborers' Excess Benefit Funds), the Fox Valley Benefit Funds, the Construction and General Laborers' District Council of Chicago and Vicinity Apprentice and Training Trust Fund, the Chicago Area Laborers-Employers Cooperation Education Trust ("LECET"), and to all other designated Union-affiliated benefit and labor-management funds, and to become bound by and be considered a party to the Agreements and Declarations of Trust creating said Trust Funds as if it had signed the original copies of the Trust instruments and amendments thereto. The Employer ratifies and confirms the appointment of the Employer Trustees who shall, together with their successor Trustees, carry out the terms and conditions of the Trust instruments. The Employer further affirms that all prior contributions paid to the Welfare, Pension and Training Funds were made by duly authorized agents of the Employer at all proper rates, and evidence the Employer's intent to be bound by the Trust Agreements and Collective Bargaining Agreements in effect when the contributions were made, acknowledging the report form to be a sufficient instrument in writing to bind the Employer to the applicable agreements. Upon written notice to the Employer, the Union may increase the minimum surety bond to an amount not exceeding one hundred thousand dollars where necessary to ensure Employer compliance with its obligations.

Where Laborers covered by this Agreement perform work outside the Chicago area, the Employer shall, if covered under a local LIUNA-affiliated labor agreement in the area, contribute to the local fringe benefit funds in the amounts set forth in the local agreement. Otherwise, it shall remit all fringe benefit fund contributions in the amounts and to the funds as required under this Agreement.

6. **Wages and Industry Funds.** The Employer shall pay all the negotiated hourly wages, fringe benefit and industry fund contributions it is bound to pay under the applicable Collective Bargaining Agreements, including, where applicable, contributions to the Chicago-Area LECET and designated labor-management and industry advancement funds, except that no contributions shall be made to MCIAF unless consented to and upon written direction from the Union. All additional wage rates, dues checkoff, and fringe benefits that are negotiated or become effective after May 31, 2001 shall be incorporated into this Agreement. The Union expressly reserves its sole right to allocate and apportion each annual total economic increase.

7. **Contract Enforcement.** All grievances arising hereunder shall, at the Union's discretion, be submitted to the Chicago District Council Grievance Committee for final and binding disposition in lieu of another grievance committee. Should the Employer fail to comply within ten (10) days with any binding grievance award, whether by grievance committee or arbitration, it shall be liable for all costs and legal fees incurred by the Union to enforce the award. Notwithstanding anything to the contrary, nothing herein shall limit the Union's right to strike or withdraw its members because of non-payment or underpayment of wages and/or fringe benefit contributions, failure by the Employer to timely remit dues to the Union, subcontracting in violation hereof, or non-compliance with a binding grievance award. The Employer's violation of any provision of this paragraph will give the Union the right to take any other lawful and economic action, including but not limited to all remedies at law or equity. It is expressly understood and agreed that the Union's right to take economic action is in addition to, and not in lieu of, its rights under the grievance procedures. Where necessary to correct contract violations, or where no acceptable steward is currently employed, the Union may appoint and place a steward from outside the workforce at all job sites.

8. **Successors.** In the event of any change in the ownership, management or operation of the Employer's business or substantially all of its assets, by sale or otherwise, it is agreed that as a condition of such sale or transfer that the new owner or manager, whether corporate or individual, shall be fully bound by the terms and conditions of this Agreement. The Employer shall provide no less than ten (10) days prior written notice to the Union of the sale or transfer and shall be obligated for all expenses incurred by the Union to enforce the terms of this paragraph. The Union may strike to enforce the terms hereof.

9. **Termination.** This Agreement shall remain in full force and effect from June 1, 2001 (unless dated differently below) through May 31, 2006, and shall continue thereafter unless there has been given written notice, by certified mail by either party hereto, received no less than sixty (60) nor more than ninety (90) days prior to the expiration date, of the desire to modify or amend this Agreement through negotiations. In the absence of such notice the Employer and the Union agree to be bound by the new area-wide negotiated agreements with the various Associations incorporating them into this Agreement and extending this Agreement for the life of the newly negotiated agreements, and thereafter for the duration of successive agreements, unless and until timely notice of termination is given as provided above.

10. **Execution.** The Employer acknowledges and accepts the facsimile signatures on this contract as if they were the original signatures. The Employer further acknowledges receipt of a copy of the complete Joint Agreements.

Dated: _April 1_ , 20 _02_

**ACCEPTED:**

Laborers' Local Union No. _225_

By: _Adolfo Ramos_

CONSTRUCTION AND GENERAL LABORERS'
DISTRICT COUNCIL OF CHICAGO AND VICINITY

By: _____
Frank Riley, President & Secretary-Treasurer

By: _____
James P. Connolly, Business Manager

For Office Use Only: _C.D.C.A. *_

_22784_

_Leeway Wrecking Inc._
(Employer)

By: _William H. Leem III_
(Print Name and Title)

_____
(Signature)

_20154 1570_
(Address)

_____
(City, State and Zip Code)

_____
(Telephone/Telefax)

FEIN No. _____

RECEIVED
APR - 1 2002
FIELD DEPT

EXHIBIT A

WHITE - LOCAL UNION • CANARY - TRUST FUND • PINK - DISTRICT COUNCIL • GOLD - EMPLOYER

LEEWAY WRECKING, INC.
P.O. BOX 12570
CHICAGO, IL 60612

EMPLOYER #22784

JANUARY 1, 2017 – DECEMBER 31, 2018

EXHIBIT B



**BK** **BANSLEY AND KIENER, L.L.P.**
C E R T I F I E D   P U B L I C   A C C O U N T A N T S

O'HARE PLAZA
8745 WEST HIGGINS ROAD
SUITE 200
CHICAGO, ILLINOIS 60631

TEL: (312) 263-2700
FAX: (312) 263-6935
WWW.BK-CPA.COM

May 28, 2019

Board of Trustees
Pension and Welfare Funds of Construction and General
    Laborers' District Council of Chicago and Vicinity
11465 Cermak Rd.
Westchester, IL 60154

We have applied certain procedures, as discussed below, to the payroll records of Leeway Wrecking, Inc., a contributing employer to the Pension and Welfare Funds of Construction and General Laborers' District Council of Chicago and Vicinity, for the period January 1, 2017 to December 31, 2018. The purpose of our review was to assist you in determining whether contributions to the Trust Funds are being made in accordance with the collective bargaining agreement in effect and with the Trust Agreement of the Fund. The propriety of the contributions is the responsibility of the employer's management.

Our procedures generally include a review of the pertinent provisions of the collective bargaining agreements and comparing underlying employer payroll records to Fund contribution records. The employer records we review may include payroll journals, individual earnings records, payroll tax returns, contribution reports, job classifications, and general disbursement records. The scope of this engagement is limited to records made available by the employer and would not necessarily disclose all exceptions in employer contributions to the Trust Fund. Any compensation paid to employees not disclosed to us or made part of the written record is not determinable by us and is not included in our review. Any findings are not based upon observations of employees doing actual work.

Our procedures relate to a review of the employer's payroll records only and do not extend to any financial statements of the contributing employer. The procedures were substantially less in scope than an audit of the financial statements of the contributing employer, the objective of which is the expression of an opinion on the contributing employer's financial statements. Accordingly, no such opinion is expressed.

The exceptions to employer contributions are noted on the accompanying report.

-2-

The findings of this report should not be construed as an endorsement or ratification of any of the company's contribution practices. The finding is based solely on those documents that the employer provided to the auditors. This firm has not been retained to provide, and does not provide, any interpretation or advice concerning any terms of the collective bargaining agreement between the company and the Union or the terms of the Funds' respective Agreement and Declarations of Trust. All questions concerning the company's contribution practices, or any contributions or benefits-related issue, should be directed to the Union or the Fund office. No failure to note an exception to any of the employer's contribution practices should be construed as a ratification of such practice or waiver of the Union or the Funds' ability to challenge such practice in the future.

This report is not a determination of withdrawal liability owed under the Multi-Employer Pension Plan Amendments Act, 29 U.S.C. Section 1101, et al.

*Bansley and Kiener, L.L.P.*

BANSLEY and KIENER, L.L.P.
Certified Public Accountants

# Laborers' District Council
### Reconciliation of Differences Per Year

| Fiscal Year Ending | | | 5-31 2017 | 5-31 2018 | 5-31 2019 | Total Due |
|---|---|---|---|---|---|---|
| Fringe Hours Not Reported | | | 0.00 | 280.00 | 40.00 | 320.00 |
| Dues Hours Not Reported | | | 0.00 | 200.00 | 40.00 | 240.00 |
| Wages Not Reported | | | 0.00 | 6,888.00 | 2,085.44 | 8,973.44 |
| Dollar Amount Due | | | | | | |
| Welfare | | | 0.00 | 2,842.00 | 406.00 | 3,248.00 |
| Retiree Welfare | | | 0.00 | 1,260.00 | 190.00 | 1,450.00 |
| Pension | | | 0.00 | 3,449.60 | 502.80 | 3,952.40 |
| Training | | | 0.00 | 140.00 | 28.80 | 168.80 |
| LECET | | | 0.00 | 14.00 | 2.80 | 16.80 |
| LDCLMCC | | | 0.00 | 34.00 | 6.80 | 40.80 |
| Working Dues | | | 0.00 | 258.30 | 78.21 | 336.51 |
| Total | | | 0.00 | 7,997.90 | 1,215.41 | 9,213.31 |

| | |
|---|---|
| Plus previous liquidated damages assessed by Laborers' Pension and Welfare Funds | 3,152.70 |
| Plus previous underpayments incurred to Laborers' District Council Funds | 0.00 |
| Plus previous liquidated damages assessed by Laborers' District Council Funds | 180.48 |
| Audit Fee | 1,737.50 |
| Total Amount Due | 14,283.99 |

| | |
|---|---|
| Employer Name - | LEEWAY WRECKING, INC. |
| Employer - | 22784 |
| Date of Audit - | MARCH 21 & MAY 22, 2019 |
| Audit Period - | JAN. 1, 2017 - DEC. 31, 2018 |
| Person Contacted - | SHANTELLE LEE |
| Date of Contact - | JANUARY 7, 2019 |
| Telephone - | 708-344-7450 |
| Auditor - | NICHOLAS SADOFSKY |

3

# Laborers' District Council

Reconciliation Between Actual and Reported Hours - Welfare, Retiree Welfare, Pension, & Training Funds

| SS# | Name | Rate | 2017 | | | | | | | 2018 | | | | | Total Hours |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | Jun | Jul | Aug | Sep | Oct | Nov | Dec | Jan | Feb | Mar | Apr | May | |
| | BROWN, TYRUS | | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 24.00 | 0.00 | 0.00 | 24.00 |
| | SANDERS, MARK | | 0.00 | 56.00 | 56.00 | 64.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 176.00 |
| | WILLIAMS, LEROY | | 80.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 80.00 |
| | | Total | 80.00 | 56.00 | 56.00 | 64.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 24.00 | 0.00 | 0.00 | 280.00 |

| | Rate | Jun | Jul | Aug | Sep | Oct | Nov | Dec | Jan | Feb | Mar | Apr | May | Total |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Welfare | $10.15 | 812.00 | 568.40 | 568.40 | 849.60 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 243.60 | 0.00 | 0.00 | 2,842.00 |
| Retiree Welfare | $4.50 | 360.00 | 252.00 | 252.00 | 288.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 108.00 | 0.00 | 0.00 | 1,260.00 |
| Pension | $12.32 | 985.60 | 689.92 | 689.92 | 788.48 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 295.68 | 0.00 | 0.00 | 3,449.60 |
| Training | $0.50 | 40.00 | 28.00 | 28.00 | 32.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 12.00 | 0.00 | 0.00 | 140.00 |
| Total | | 2,197.60 | 1,538.32 | 1,538.32 | 1,758.08 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 659.28 | 0.00 | 0.00 | 7,691.60 |

Employer Name - LEEWAY WRECKING, INC.

Employer - 22784

Date of Audit - MARCH 21 & MAY 22, 2019

Audit Period - JAN. 1, 2017 - DEC. 31, 2018

Person Contacted - SHANTELLE LEE

Date of Contact - JANUARY 7, 2019

Telephone - 708-344-7450

Auditor - NICHOLAS SADOFSKY

4

# Laborers' District Council

### Reconciliation Between Actual and Reported Hours - LECET & LDCLMCC Funds

| SS# | Name | Rate | Jun | Jul | Aug | 2017 Sep | Oct | Nov | Dec | Jan | Feb | 2018 Mar | Apr | May | Total Hours |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | BROWN, TYRUS | | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 24.00 | 0.00 | 0.00 | 24.00 |
| | SANDERS, MARK | | 0.00 | 56.00 | 56.00 | 64.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 176.00 |
| | WILLIAMS, _EROY | | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| | | Total | 0.00 | 56.00 | 56.00 | 64.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 24.00 | 0.00 | 0.00 | 200.00 |

| | Rate | Jun | Jul | Aug | Sep | Oct | Nov | Dec | Jan | Feb | Mar | Apr | May | Total |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| LECET | $0.07 | 0.00 | 3.92 | 3.92 | 4.48 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 1.68 | 0.00 | 0.00 | 14.00 |
| LDCLMCC | $0.17 | 0.00 | 9.52 | 9.52 | 10.88 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 4.08 | 0.00 | 0.00 | 34.00 |
| Working Dues | 3.75% | 0.00 | 72.60 | 72.60 | 81.60 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 31.50 | 0.00 | 0.00 | 258.30 |
| Total | | 0.00 | 86.04 | 86.04 | 96.96 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 37.26 | 0.00 | 0.00 | 306.30 |

| | | | |
|---|---|---|---|
| Employer Name - LEEWAY WRECKING, INC. | | Person Contacted - | SHANTELLE LEE |
| Employer - | 22784 | Date of Contact - | JANUARY 7, 2019 |
| Date of Audit - | MARCH 21 & MAY 22, 2019 | Telephone - | 708-344-7450 |
| Audit Period - | JAN. 1, 2017 - DEC. 31, 2018 | Auditor - | NICHOLAS SADOFSKY |

5

# Laborers' District Council

Reconciliation Between Actual and Reported Gross Wages

| SS# | Name | | 2017 | | | | | | | 2018 | | | | | Total |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | Jun | Jul | Aug | Sep | Oct | Nov | Dec | Jan | Feb | Mar | Apr | May | Wages |
| | BROWN, TYRUS | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 840.00 | 0.00 | 0.00 | 840.00 |
| | SANDERS, MARK | 0.00 | 1,936.00 | 1,936.00 | 2,176.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 6,048.00 |
| | WILLIAMS, LEROY | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| | Total | 0.00 | 1,936.00 | 1,936.00 | 2,176.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 840.00 | 0.00 | 0.00 | 6,888.00 |

Rate - 3.75% of gross wages

| | Dues | 0.00 | 72.60 | 72.60 | 81.60 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 31.50 | 0.00 | 0.00 | 258.30 |

| | |
|---|---|
| Employer Name - | LEEWAY WRECKING, INC. |
| Employer - | 22784 |
| Date of Audit - | MARCH 21 & MAY 22, 2019 |
| Audit Period - | JAN. 1, 2017 - DEC. 31, 2018 |
| Person Contacted - | SHANTELLE LEE |
| Date of Contact - | JANUARY 7, 2019 |
| Telephone - | 708-344-7450 |
| Auditor - | NICHOLAS SADOFSKY |

6

# Laborers' District Council

**Reconciliation Between Actual and Reported Hours**

| SS# | Name | Jun | Jul | Aug | Sep | Oct | Nov | Dec | Jan | Feb | Mar | Apr | May | Total Hours |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | 2018 | | | | | 2019 | | | |
| | BROWN, TYRUS | 0.00 | 24.00 | 0.00 | 0.00 | 16.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 40.00 |
| | THORNTON, L C | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| | Total | 0.00 | 24.00 | 0.00 | 0.00 | 16.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 40.00 |

| | Rate | Jun | Jul | Aug | Sep | Oct | Nov | Dec | Jan | Feb | Mar | Apr | May | Total Hours |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Welfare | $10.15 | 0.00 | 243.60 | 0.00 | 0.00 | 162.40 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 406.00 |
| Retiree Welfare | $4.75 | 0.00 | 114.00 | 0.00 | 0.00 | 76.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 190.00 |
| Pension | $12.57 | 0.00 | 301.68 | 0.00 | 0.00 | 201.12 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 502.80 |
| Training | $0.72 | 0.00 | 17.28 | 0.00 | 0.00 | 11.52 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 28.80 |
| LECET | $0.07 | 0.00 | 1.68 | 0.00 | 0.00 | 1.12 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 2.80 |
| LDCLMCC | $0.17 | 0.00 | 4.08 | 0.00 | 0.00 | 2.72 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 6.80 |
| Working Dues | 3.75% | 0.00 | 41.33 | 4.54 | 3.02 | 29.32 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 78.21 |
| Total | | 0.00 | 723.65 | 4.54 | 3.02 | 484.20 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 1,215.41 |

Employer Name - LEEWAY WRECKING, INC.

Employer - 22784

Date of Audit - MARCH 21 & MAY 22, 2019

Audit Period - JAN. 1, 2017 - DEC. 31, 2018

Person Contacted - SHANTELLE LEE

Date of Contact - JANUARY 7, 2019

Telephone - 708-344-7450

Auditor - NICHOLAS SADOFSKY

# Laborers' District Council

Reconciliation Between Actual and Reported Gross Wages

| SS# | Name | | Jun | Jul | Aug | Sep | Oct | Nov | Dec | Jan | Feb | Mar | Apr | May | Total Wages |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | | | 2019 | | | |
| | | | | 2018 | | | | | | | | | | | |
| | BROWN, TYRUS | | 0.00 | 900.48 | 0.00 | 0.00 | 640.64 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 1,541.12 |
| | THORNTON, L C | | 0.00 | 201.60 | 120.96 | 80.64 | 141.12 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 544.32 |
| | | Total | 0.00 | 1,102.08 | 120.96 | 80.64 | 781.76 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 2,085.44 |

Rate - 3.75% of gross wages

| | | | Jun | Jul | Aug | Sep | Oct | Nov | Dec | Jan | Feb | Mar | Apr | May | Total Wages |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Dues | | | 0.00 | 41.33 | 4.54 | 3.02 | 29.32 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 78.21 |

| | |
|---|---|
| Employer Name - | LEEWAY WRECKING, INC. |
| Employer - | 22784 |
| Date of Audit - | MARCH 21 & MAY 22, 2019 |
| Audit Period - | JAN. 1, 2017 - DEC. 31, 2018 |
| Person Contacted - | SHANTELLE LEE |
| Date of Contact - | JANUARY 7, 2019 |
| Telephone - | 708-344-7450 |
| Auditor - | NICHOLAS SADOFSKY |

8